IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ABDUL E. MUHAMMAD                                                                PLAINTIFF

v.                                    Civil No. 1:17-cv-1038

CHIEF OF POLICE MAXWELL, Magnolia
Police Department ("MPD"), Magnolia, Arkansas;
CAPTAIN MICHAEL CALDWELL, MPD;
OFFICER JONES, MPD; OFFICER CHEERY,
MPD; SGT. SHAWN CRAWFORD, MPD; and
OFFICER ARVIE CRUDUP, MPD                                                      DEFENDANTS

**ORDER**

Before the Court is Plaintiff Abdul E. Muhammad's failure to obey orders of the Court. Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on June 1, 2017. (ECF No. 1). On March 9, 2018, Defendants filed a motion for summary judgment. (ECF No. 25). On March 12, 2018, the Court entered an order directing Plaintiff to file a response to Defendants' motion on or before April 2, 2018. (ECF No. 28). Plaintiff was advised in this order that failure to respond by the Court's imposed deadline would subject this case to dismissal, without prejudice, pursuant to Local Rule 5.5(c)(2). The order was not returned to the Court as undeliverable and Plaintiff did not respond to Defendants' Motion for Summary Judgment by the Court's imposed deadline.

On or about April 19, 2018, the Court determined that the order directing Plaintiff to respond to the summary judgment motion was mailed to Plaintiff's previous address in Arkansas and that there was a chance that Plaintiff did not receive the notice. Out of an abundance of caution, the Court directed the Clerk to resend the order to Plaintiff at his address of record in Pennsylvania. (ECF No. 31). The Court gave Plaintiff until May 14, 2018, to file a response to Defendants'

summary judgment motion as directed. Once again, this order advised Plaintiff that failure to respond by the Court's imposed deadline would subject this case to dismissal. This order was not returned as undeliverable. To date, Plaintiff has not responded to Defendants' summary judgment motion.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

In the present case, Plaintiff has failed to obey two orders of the Court directing him to respond to the summary judgment motion.[1] Therefore, pursuant to Federal Rule of Civil Procedure

---

[1] The Court also notes that Plaintiff never informed the Court of his most recent change of address. On March 6, 2018, counsel for Defendants filed a Notice of Change of Address, informing the Court that Plaintiff's address had changed. (ECF No. 21).

41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 21st day of May, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge